# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOPHIA GAO,<br><br>Defendant. | Case No.: **23mj2345-KSC**<br><br>**COMPLAINT FOR VIOLATION OF**<br><br>Title 18, U.S.C. Section 1960 – Prohibition of unlicensed money transmitting businesses (Felony) |

The undersigned complainant being duly sworn states:

<u>Count 1</u>

On or about June 28, 2023, within the Southern District of California, defendant SOPHIA GAO, did knowingly conduct, control, manage, supervise, direct and own all or part of a unlicensed money transmitting business affecting interstate and foreign commerce that failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulation promulgated thereunder, all in violation of Title 18, United States Code, Section 1960.

<u>Forfeiture Allegation</u>

1.  The allegation contained in Count 1 is hereby re-alleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2.  Upon conviction of the felony offense alleged in this Complaint and pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States

Code, Section 2461(c), Defendant SOPHIA GAO shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to $200,000 U.S. dollars.

3. If any forfeitable property, as a result of any act or omission of Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeit substitute property up to the value of the aforementioned properties pursuant to Title 18, United States Code, Sections 982(a)(1) and Title 28, United States Code, Section 2461(c).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

JASON JEREMIAH R POLK

Digitally signed by JASON JEREMIAH R POLK
Date: 2023.06.29 09:31:11 -07'00'

JASON POLK
Special Agent
Homeland Security Investigations
U.S. Department of Homeland Security

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 29th day of June 2023.

HON. KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

## **PROBABLE CAUSE STATEMENT**

I, Special Agent Jason Polk, declare under penalty of perjury, the following is true and correct:

It is a violation of Title 18, United States Code, Section 1960 to knowingly conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmission business (MTB). Title 18, United States Code, Section 1960(b)(1)(B) defines an unlicensed MTB to include "a money transmitting business which affects interstate or foreign commerce in any manner or degree and – … (B) fails to comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulations prescribed under such section."

As a special agent, I have access to a database portal maintained by the Department of Treasury's Financial Crimes Enforcement Network (FinCEN).  The FinCEN portal maintains, among other things, registration records for every federally-licensed MTB, as required under Title 31, United States Code, Section 5330.  On several occasions and specifically on June 26, 2023, I searched the FinCEN portal for records related to GAO. That search produced negative results for the registration of a federally-licensed MTB in GAO's name or associated with GAO.

On June 27, 2023, GAO spoke on the telephone with an HSI Undercover Agent ("UCA 1").  During the conversation, GAO agreed to sell $200,000 of U.S. currency to UCA 1 for a ten percent fee.  Specifically, the terms of the agreement called for GAO to transfer $200,000 in cash to UCA 1 and for UCA 1 to wire $220,000 to GAO's bank account in China upon receipt of the $200,000 in cash. During the conversation with UCA 1, GAO agreed to meet with UCA 1 on June 28, 2023, at a bank located at 7320 Claremont Mesa Blvd, San Diego, CA.

On June 28, 2023, GAO arrived at 7320 Claremont Mesa Blvd and entered a vehicle with UCA 1.  Shortly thereafter, GAO and UCA 1 exited the car and walked to GAO's car where she let UCA 1 count bulk cash in the trunk of GAO's car.  At approximately 4:33 PM HSI special agents approached GAO in the parking lot of 7320

Claremont Mesa Blvd and identified themselves. GAO was in possession of approximately $200,000 in bulk US currency. GAO was placed under arrest at approximately 4:45 PM.

GAO was arrested and charged with a violation of Title 18, United States Code, Section 1960, prohibition of unlicensed money transmission businesses.