AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case



FILED

JUN - 7 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>SOPHIA GAO (1) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:23-CR-01490-RSH<br><br>Robert E Boyce<br>Defendant's Attorney |

**USM Number**  09328-506

☐ -

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 of the Information

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1960; 18:982(a)(1) and 924(d)(1), 28:2461(c)  Operating Unlicensed Money Transmitting Business; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through  **5**  of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is  dismissed on the motion of the United States.

☒ Assessment : $100.00
  –

☐ JVTA Assessment*: $
  –

  *Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed  6/6/2024 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

June 7, 2024
Date of Imposition of Sentence

_/s/ Robert S. Huie_
HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SOPHIA GAO (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:23-CR-01490-RSH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
TIME SERVED

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

  ☐ at _____ A.M.   on _____

  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ on or before

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:23-CR-01490-RSH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SOPHIA GAO (1) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:23-CR-01490-RSH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
2 YEARS

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:23-CR-01490-RSH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SOPHIA GAO (1) | Judgment - Page 4 of 5 |
| CASE NUMBER: | 3:23-CR-01490-RSH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | SOPHIA GAO (1) | Judgment - Page **5** of **5** |
|---|---|---|
| CASE NUMBER: | 3:23-CR-01490-RSH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
2. Provide complete disclosure of personal and business financial records to the probation officer as requested.
3. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.
4. Be monitored for a period of six months, with the location monitoring technology at the discretion of the probation officer. The offender must abide by all technology requirements and must pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community must be restricted as specified below:
5. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer.

//

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23cr1490-RSH |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| SOPHIA GAO, | |
| Defendant. | |

WHEREAS, in the Information the United States sought forfeiture of all right, title and interest in property of Defendant SOPHIA GAO ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c) as property involved in the violation of Title 18, United States Code, Section 1960, and any property traceable to such property, as charged in the Information; and

WHEREAS, on or about March 12, 2024, Defendant pled guilty before Magistrate Judge Karen S. Crawford to the Information which included consent to the forfeiture allegations of the Information, consent to forfeiture of all property seized in connection with the case, and entry of a forfeiture money judgment in the amount of $199,895.00 representing the amount of property involved in, or traceable to, the offense which Defendant personally received from the offense charged in the

1 | Information, which forfeiture shall be included and incorporated as part of the
2 | judgment in this case; and
3 |     WHEREAS, on April 22, 2024, this Court accepted the guilty plea of Defendant;
4 | and
5 |     WHEREAS, by virtue of the admissions of the Defendant set out in the plea
6 | agreement and guilty plea, the Court hereby finds that $199,895.00 represents the
7 | amount of property involved in, or traceable to, the operating unlicensed money
8 | transmitting business offense which Defendant personally received directly as a result
9 | of the offense set forth in the Information alleging the violation of Title 18, United
10 | States Code, Section 1960; and
11 |     WHEREAS, by virtue of said guilty plea and the Court's findings, the
12 | United States is now entitled to an Order of Forfeiture in its favor against the Defendant
13 | in the form of a forfeiture money judgment representing the amount of the property
14 | involved in, or traceable to, the offense and directly obtained by Defendant in the
15 | amount of $199,895.00, pursuant to Title 18, United States Code, Sections 982(a)(1),
16 | Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules
17 | of Criminal Procedure; and
18 |     WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
19 | addendum, the United States has established the requisite nexus between the
20 | $199,895.00 forfeiture money judgment and the offense set forth in the Information
21 | and
22 |     WHEREAS, the Defendant has agreed that the provisions for the substitution of
23 | assets as provided in Title 18, United State Code, Section 982(b) and Title 21, United
24 | States Code, Section 853(p) exist, and has agreed the United States may take actions
25 | to collect the forfeiture money judgment; and
26 |     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
27 |     1.   Based on the guilty plea of the Defendant to the Information the United
28 | States is entitled to a forfeiture money judgment against Defendant SOPHIA GAO in

1  the amount of $199,895.00 pursuant to Title 18, United States Code, Section 982(a)(1)
2  and Title 28, United States Code, Section 2641(c), representing the property involved
3  in, or traceable to, the offense which Defendant personally received from the offense
4  of conviction set forth in the Information, which forfeiture money judgment is in favor
5  of the United States against Defendant SOPHIA GAO, with interest to accrue thereon
6  in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

7  2.  This Court shall retain jurisdiction in the case for the purpose of enforcing
8  the order of forfeiture money judgment and collecting and enforcing it; and

9  3.  Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final
10 as to the Defendant at the time of sentencing and is part of the sentence and included
11 in the judgment; and

12 4.  Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct
13 discovery to identify, locate, or dispose of directly forfeitable assets and substitute
14 assets against which this Order of Forfeiture may be enforced; and

15 5.  The United States may, at any time, move pursuant to Rule 32.2(e) to
16 amend this Order of Forfeiture to substitute property having a value not to exceed
17 $199,895.00 to satisfy the forfeiture money judgment in whole or in part; and

18 6.  The United States may take any and all actions available to it to collect
19 and enforce the forfeiture money judgment.

20 7.  This order shall be incorporated and included as part of the judgment in
21 this case when Defendant is sentenced.

22 DATED: 6/6/2024

*Robert S. Huie*
Honorable Robert S. Huie
United States District Judge